### GIBLIN v. GREEN, Comptroller, et al.

Circuit Court, Leon County.

November 12, 1959.

J. Lewis Hall, Tallahassee, for plaintiff.

Richard W. Ervin, Attorney General, Tallahassee, for defendants.

W. MAY WALKER, Circuit Judge.

Counsel for the parties hereto being before the court, and having jointly moved the court to vacate the final decree heretofore entered in the cause on the ground that through inadvertence said decree does not correctly reflect the judgment pronounced by this court in this cause, and the court being fully advised thereon and having reviewed the pleadings filed herein, and it now being stipulated and agreed that no issues of fact are involved and that the court can and may appropriately dispose of the cause on the pleadings, and the court having considered the pleadings and briefs of counsel and heard argument thereon, and now being fully advised in the premises, finds as material and relevant facts, the following —

(1) Plaintiff, Vincent C. Giblin, at the time of filing this action, is one of the judges of the circuit court in and for the eleventh judicial circuit of Florida and is a participant in the retirement system provided for in chapter 123, Florida Statutes.

(2) Plaintiff has attained the age of sixty years, has served as circuit judge for more than ten years and is now eligible to retire or resign with the right to receive as compensation during the remainder of his life the benefits of the retirement system in which he is a participant.

The court having considered the matters aforesaid, and having arrived at its opinion and conclusions in the premises, it is ordered, adjudged and decreed —

(A) The final decree heretofore entered in the cause on the 3rd day of November, 1959, is vacated and set aside and declared to be of no effect.

(B) The questions and contentions of plaintiff presented to this court for determination are answered and determined as follows —

(1) Is there a distinction between "resign" and "retire" from office as these words appear in chapter 123, Florida Statutes?

There may be a distinction, as contended by plaintiff, between "resign" and "retire" as these words are used in chapter 123, in that a resigned judge severs himself from office and from membership in the state judiciary, while a retired judge continues his status as a member of the state judiciary and, with his consent, may be assigned to active judicial service, but an adjudication of such question is unnecessary because regardless of whether plaintiff shall "resign" or "retire" or shall "resign and retire", he is precluded from receiving retirement compensation while engaging in the practice of law in this state. The intent, as well as the purposes of sections 123.09 and 123.20, Florida Statutes, is to prohibit a person resigned, retired, or resigned and retired, either as a Supreme Court Justice, District Court of Appeal Judge, or Circuit Judge from engaging "in the practice of law in this state while drawing retirement compensation."

(2) May plaintiff "resign" and receive the benefits of chapter 123, Florida Statutes?

Question (2) as set forth above is answered in the affirmative.

(3) If plaintiff should "resign" and is thereupon entitled to receive and does receive the benefits of chapter 123, Florida Statutes, is he prohibited from engaging in the practice of law while receiving such benefits?

Question (3) as set forth above is answered in the affirmative.

(4) If plaintiff should "resign" and is thereupon entitled to receive the benefits of chapter 123, but is prohibited from engaging in the practice of law while receiving such benefits, can plaintiff temporarily renounce or disclaim the benefits of chapter 123 and engage in the practice of law and thereafter cease and desist from such practice and thereupon be lawfully entitled to receive the benefits of chapter 123?

Question (4) as set forth above is answered in the affirmative.

(5) If plaintiff should "retire" from office and is thereupon entitled to receive the benefits of chapter 123, can he temporarily renounce and disclaim the benefits of chapter

123 and refuse his consent to assignment to judicial duties and upon such renunciation, disclaimer and refusal, engage in the practice of law and thereafter cease and desist from such practice and thereupon be lawfully entitled to receive the benefits of chapter 123, and upon his giving his consent thereto, be eligible to assignment to judicial duties?

Question (5) as set forth above is answered in the affirmative.

It is further ordered, adjudged and decreed that the defendant's motion for summary judgment on the pleadings is granted.